UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN J. MAMON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:13-cv-001740-WTL-TAB |
| RYAN GARRITY, et al., | ) |
| Defendants. | ) |

**Entry Granting Defendants' Motion for Summary Judgment, Remanding State Law Claims, and Directing Entry of Final Judgment**

For the reasons explained in this Entry, the defendants' motion for summary judgment [dkt. 37] is **granted.** The plaintiff's motion for leave to file surreply [dkt. 63] is **granted.** The surreply filed on December 18, 2014, has been considered.

## I. Background

The plaintiff in this 42 U.S.C. § 1983 civil rights action is Kevin J. Mamon ("Mr. Mamon"), who is currently confined at the Indiana State Prison. This action was removed to this Court from Madison Circuit Court 3. At all relevant times, Mr. Mamon was a pretrial detainee at the Hancock County Jail ("the Jail"). Mr. Mamon alleges that five Jail officers assaulted him. The defendants are 1) Ryan Garrity, 2) Jordan Conley, 3) Andy Craig, 4) Keith Oliver, 5) Kathy Pierce, and 6) the Hancock County Sheriff's Department.

Mr. Mamon alleges that the defendant Jail officers assaulted him by throwing fluids on him and then hitting him with their fists and dragging him by his head, upper body, and clothing, resulting in a "busted" top lip, contusion to his head, laceration to his mouth, and swelling and pain in his knee. Complaint, ¶ 4, dkt. 1-1. The complaint does not allege when this alleged assault

occurred. In a supplemental statement of facts, Mr. Mamon alleges that on November 20, 2012, and February 26, 2013, the defendants were the "authors and instigators of an incident that did result in serious physical injury and harm to this Plaintiff and others." Dkt. 25, ¶ 6.

The complaint and another supplement thereto filed on April 1, 2014, purport to assert three federal claims, unreasonable search and seizure, excessive force, and retaliation, as violations of the Fourth, Fourteenth and First Amendments, respectively.[1] The complaint also alleges state law claims of assault and battery, abuse of authority, negligence, negligent supervision, intentional and negligent infliction of emotional distress, and respondeat superior liability. Mr. Mamon seeks compensatory and "exemplary" damages.

The defendants seeks resolution of Mr. Mamon's federal claims through the entry of summary judgment based on the affirmative defense that Mr. Mamon failed to exhaust his available administrative remedies prior to filing the complaint. They also request that any state law claims be dismissed without prejudice or, in the alternative, be remanded to the Madison Circuit Court. Mr. Mamon has opposed the motion for summary judgment and the defendants have replied.

## II. Discussion
*A.     Legal Standards*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find

---

[1] The complaint alleges that the use of excessive force denied Mr. Mamon "Equal Protection of the law." Complaint, ¶8, dkt. 1-1. Any claim of equal protection, however, is **dismissed** for failure to state a claim upon which relief can be granted because Mr. Mamon has not alleged any intentional discrimination against him because of his race. *See Herro v. City of Milwaukee*, 44 F.3d 550, 552 (7th Cir. 1995).

for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

  B.  *Undisputed Facts*

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(c), the following facts, construed in

the manner most favorable to Mr. Mamon as the non-movant, are undisputed for purposes of the motion for summary judgment:

Defendants Ryan Garrity, Keith Oliver, Jordan Conley, and Kathy Pierce were all Jail officers in November of 2012. Defendant Andy Craig is the Commander of the Jail, a position he has held since January 2011. Mr. Mamon was confined in the Jail from June 13, 2012, until February 27, 2013.

The Hancock County Jail Rules and Inmate Handbook relating to inmate grievances was in effect throughout 2012 and 2013. The Inmate Grievance Procedure states, in relevant part, the following:

> Inmates are required to attempt to solve their issues informally with the Corrections staff prior to filling out a grievance. If necessary, seek another Officer to attempt to solve your problem. If no solution is reachable then a grievance may be filed concerning the issue. Grievance forms are also available electronically on the kiosk in the cellblock. Once a grievance is filed and answered by the squad Sergeant or their designee, if the inmate is unhappy with the response, an appeal may be directed to the Jail Commander. Once the Jail Commander responds to the grievance on this issue, the issue is then closed. No further grievances on that issue will be responded to and no further appeals are available. Abuses of the grievance system may be dealt with by disciplinary action.

Dkt. 39-2 ("Jail Grievance Procedure").

While in the Jail, Mr. Mamon was in lock down several times for fighting with other inmates and other offenses. According to an affidavit for probable cause filed in Hancock Circuit Court, on November 21, 2012, officers Garrity and Conley responded to Mr. Mamon kicking on his cell door. Aff. For Probable Cause, dkt. 39-4. Mr. Mamon's affidavit and the probable cause affidavit present different descriptions of what occurred next, but the Court has accepted as true for purposes of this motion Mr. Mamon's version of events. Mr. Mamom asked for water. *Id.* Officer Conley opened the cell door and "launched" a cup of water at Mr. Mamon. Mamon Aff., dkt 57-1, ¶ 4. Mr. Mamon then threw a cup of urine toward the officers, hitting Officer Garrity.

Mamon Aff., dkt 57-1, ¶ 4; Aff. For Probable Cause, dkt. 39-4. Officer Garrity took Mr. Mamon to the floor, punching his head and face, placed him in handcuffs, and took him from that cell to a holding cell. Mamon Aff., dkt 57-1, ¶ 4; Aff. For Probable Cause, dkt. 39-4. Charges were brought against Mr. Mamon for battery by bodily waste. Mamon Aff., dkt 57-1, ¶ 5; Aff. For Probable Cause, dkt. 39-4.

On February 14, 2013, Mr. Mamon wrote on the electronic kiosk, "Andy Craig you are one evil jail warden. I don't like you or your kind. Now prosecute me for that. Oops you can't….freedom of speech. Haha see you in court smook." A person by the name of "Koli" apparently responded, "Okay my job is for safety and security of the jail. I have a job to do and to ensure the best for you and staff along with courts and the well being of the community." Mr. Mamon replied, "If that is so then why did you allow 3 inmates to jump me when I came out of the shower and not prosecute them but prosecute me for baseless and frivolous matters. Why did you allow Ryan Garrity to assault me and ignore my plea for help? Those are questions that the U. S. District Court want [sic] to know." Dkt. 39-3; Dkt. 57-1, p. 3.

The next morning, February 15, 2013, Commander Craig responded, "Garrity did not assault you. Nobody allowed three inmates to jump you." Mr. Mamon responded, "Andy Craig of course you say Ryan Garrity did not assault me. I told you that you are evil. You side with evil. But I seen the video. Excessive force is clear. At minimum he battered me by tossing me around like a ragdoll when there was no need. He is not professional neither are you." Commander Craig's final response on February 15, 2013, was "This matter is closed." Commander Craig states in his sworn affidavit that Mr. Mamon did not file a formal grievance on the kiosk after Commander Craig denied his statement. Craig Aff. ¶ 9, dkt. 39-1.

Kathy Pierce was squad sergeant on November 21, 2012. Mr. Mamon never attempted to informally talk with her or any of the other defendants about any assault they allegedly committed on him. Mr. Mamon did call her a racist from time to time. Defendant Keith Oliver only recalls that Mr. Mamon once called him a racist pig, unrelated to any incident he could think of. Defendant Garrity recalls Mr. Mamon calling him a "white devil" unrelated to any particular incident.

    *C.*    *Analysis*

Mr. Mamon asserts that on February 15, 2013, he submitted a formal grievance, "summarizing the incident as an assault" by defendant Garrity on November 21, 2012. Dkt. 57-1, p. 3; Dkt. 39-3. Mr. Mamon does not dispute the fact that he did not file any grievances, formal or informal, concerning the other defendants. Therefore, all defendants except defendant Officer Garrity are entitled to summary judgment in their favor for failure to exhaust administrative remedies.

*Defendant Garrity*

Defendant Garrity first argues that Mr. Mamon never attempted to resolve informally his claim that Officer Garrity assaulted him on November 21, 2012, and therefore, Mr. Mamon did not complete the exhaustion process. Mr. Mamon responds in his memorandum that he did not know he was required to sit down and talk with a jail officer before grieving any conduct. This allegation was not presented in the form of admissible evidence as required by Rule 56(c) of the *Federal Rules of Civil Procedure* and Local Rule 56-1, copies of which Mr. Mamon was provided by the defendants. Dkt. 40. Mr. Mamon's sworn statement that "at no point did Andy Craig ever relate to me that I was not following the jail policy in filing formal grievances," dkt. 57-1, ¶ 6, is not the same as stating that he was unaware of the grievance policy and its requirements. His allegation that he did know he had to attempt to informally resolve any issue does not create a

genuine issue of fact. It is undisputed, therefore, that he did not complete the first step of the exhaustion policy. The Seventh Circuit has "taken a strict compliance approach to exhaustion." *Maddox v. Love,* 655 F.3d 709, 721 (7th Cir. 2011) (internal quotation omitted). "Thus, "[a] prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Id.* (internal quotation omitted).

The benefits of exhaustion "include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219 (2007). This lawsuit has suffered from lack of clarity from the beginning, in part because there was no formal written grievance that addressed the issues raised in the complaint. Reading the complaint and supplemental complaint in a light most favorable to Mr. Mamon, the record reflects that no claim was properly exhausted. "In order to exhaust administrative remedies, a prisoner must take *all* steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004) (emphasis added). Defendant Garrity is entitled to summary judgment on this basis.

Even if there were a genuine issue of material fact with respect to the first step of the Jail Grievance Procedure, which there is not, the sole "electronic" report of record did not put the Jail on notice of an assault by defendant Garrity on November 21, 2012. The level of detail necessary in a grievance will vary from system to system, "but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218. "When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David,* 297 F.3d 646, 650 (7th Cir. 2002); *see also*

*Wilder v. Sutton,* 310 Fed. Appx. 10, 15, 2009 WL 330531, *4 (7th Cir. 2009) (in the absence of more specific requirements in the procedure, "prisoners must only put responsible persons on notice about the conditions about which they are complaining"). In this case, the grievance procedures outlined in the inmate handbook are silent as to the timing or level of detail required to properly exhaust a claim.

Assuming for purposes of this motion for summary judgment that Mr. Mamon's kiosk submission on February 14, 2013, was a formal written grievance, Mr. Mamon stated that Commander Craig was "evil." Mr. Mamon said he did not "like you or your kind," and said "now prosecute me for that. Oops you can't…freedom of speech. Haha see you in court smook." It was not until a response explained the job of the Commander that Mr. Mamon replied, in part, "If that is so then why did you allow 3 inmates to jump me … and not prosecute them but prosecute me for baseless and frivolous matters. Why did you allow Ryan Garrity to assault me…?" The initial "grievance" was essentially calling the Jail Commander names--"evil" and "smook"--and attempted to bait the Jail Commander into prosecuting him for his speech. No reasonable factfinder could find that the February 14, 2013, "grievance," if treated as a formal written grievance, was submitted to allege excessive force on the part of defendant Garrity on November 21, 2012.

Therefore, because there is no evidence showing that Mr. Mamon completed both steps of the grievance procedure with respect to any claims against the defendants, they are all entitled to summary judgment. Further, even if Mr. Mamon had completed the first step, which he did not, the grievance submitted three months later was not "filed concerning the issue" of excessive force by defendant Garrity. *See* Jail Grievance Procedure.

In light of 42 U.S.C. § 1997e(a), the federal claims against the defendants should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We

therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."). Because the federal law claims are being resolved without deciding the state law claims, the state law claims shall be **remanded** to Madison Circuit Court 3. *See* 28 U.S.C. § 1367(c)(3).

### III. Conclusion and Remand

For the reasons explained above, the defendants' motion for summary judgment [dkt. 37] is **granted.** The state law claims are **remanded** to Madison Circuit Court 3.

The clerk shall mail certified copies of this Entry and Judgment to the clerk of Madison Circuit Court 3, No. 48C03-1310-PL-00152, pursuant to 28 U.S.C. § 1447(c).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/02/15

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

Kevin J. Mamon
190764
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**